UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel Martin,
*individually and as parent and*
*natural guardian of A.M. his minor child*,

Case No. 3:24-cv-834

        Plaintiff,

v.

ORDER

Holiday Inn Hotel & Suites,
an IHG Hotel, et al.,

        Defendants.

On May 9, 2024, Plaintiff Daniel Martin filed this action, asserting this court has diversity jurisdiction over the matter. (Doc. No. 1 at 4).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). That is, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

"[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company

may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

Plaintiff has pled sufficient jurisdictional allegations to demonstrate only the citizenship of the two individual Defendants: Wendy and Elizabeth Barnett.

With respect to the remaining four, Plaintiff states:

> 2. Upon information and belief, Defendant Holiday Inn Hotel & Suites, an IHG Hotel, is a hotel franchise and/or other legal entity duly licensed and authorized to do business in the state of Ohio and is located at 803 South Leonard Avenue, Lima, Ohio (the "Lima Holiday Inn").
>
> 3. Upon information and belief, Defendant Intellistay Lima, LLC is a business and/or other legal entity duly licensed and authorized to do business in the state of Ohio.
>
> 4. At all times relevant, Intellistay Lima, LLC did business as Holiday Inn Hotel & Suites and is located at 803 South Leonard Avenue, Lima, Ohio.
>
> 5. Upon information and belief, Defendant Sterling Lodging, LLC is a business and/or other legal entity duly licensed and authorized to do business in the state of Ohio.
>
> 6. At all times relevant, Sterling Lodging, LLC did business as Holiday Inn Hotel & Suites and is located at 803 South Leonard Avenue, Lima, Ohio.
>
> 7. Aimbridge Hospitality, LLC is a business and/or other legal entity duly licensed and authorized to do business in the state of Ohio.
>
> 8. At all times relevant, Aimbridge Hospitality, LLC was the property manager and operator of Holiday Inn Hotel & Suites located at 803 South Leonard Avenue, Lima, Ohio.

(Doc. No. 1 at 2-3).

From this, I cannot determine whether Defendant "Holiday Inn Hotel & Suites, an IHG Hotel" is a corporate or a non-corporate entity, let alone its citizenship. Further, because Plaintiff fails to identify and state the citizenship of each member and sub-members of the LLC Defendants, I cannot determine the citizenship of those three Defendants either.

Because Plaintiff has not stated sufficient jurisdictional allegations, I cannot conclude diversity jurisdiction was properly invoked. To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiff shall supplement the Complaint by filing an affidavit of jurisdiction no later than August 31, 2024. *See* Fed. R. Civ. P. 12(h)(3).

In this affidavit, Plaintiff must identify each of members and sub-member of each of the three LLC Defendants. This "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). For each member and sub-member, Plaintiff must state jurisdictional allegations sufficient for me to determine the citizenship of that member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations). Without knowing whether Defendant "Holiday Inn Hotel & Suites, an IHG Hotel" is a corporate or a non-corporate entity, I cannot provide further instruction as to what *specific* information must be included in the affidavit.

While it remains Plaintiffs' burden to establish this Court's diversity jurisdiction was properly invoked, Defendants are reminded of this Court's expectation to actively participate in developing the relevant facts required to determine appropriate jurisdiction. As such, I urge counsel for the parties to work collaboratively in acquiring this information and drafting the affidavit so jurisdiction can be verified as soon as possible.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge